**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **RICHARD TODD HAMBY,** *et al.*, | ) |
| | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | )    **CIVIL ACTION NO. 5:15-CV-383 (MTT)** |
| | ) |
| **AGGEORGIA FARM CREDIT ACA,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**<u>ORDER</u>**

The Plaintiffs, proceeding *pro se*, filed this complaint against the Defendant,

bringing claims for breach of contract and violations of the Farm Credit Act, 12 U.S.C. §

2001 *et seq.* (Doc. 1).  The Plaintiffs claim the Defendant offered to sell them real

estate for $85,000 under a "right of first refusal," improperly increased the price to

$800,000, and then successfully moved a state court to confirm that the $85,000 it paid

for the real estate at a foreclosure sale was its true market value.  The Defendant now

moves to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for

failure "to state a claim over which this Court has subject matter jurisdiction" and

because the "Plaintiffs' claims are barred by the doctrines of Claim Preclusion and Issue

Preclusion."  (Docs. 6; 13).

"A defendant can move to dismiss a complaint under Rule 12(b)(1) for lack of

subject matter jurisdiction by either facial or factual attack."  *Stalley v. Orlando Reg'l*

*Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).  "A facial attack on the

complaint requires the court merely to look and see if the plaintiff has sufficiently alleged

a basis of subject matter jurisdiction, and the allegations in his complaint are taken as

true for the purposes of the motion." *Id.* at 1232-33 (citation omitted).  A factual attack, by contrast, "challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." *Id.* at 1233.  Moreover, to avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006).

Although the Defendant has attached a number of exhibits to its answer, the Defendant does not rely on these exhibits in arguing that the Court lacks subject matter jurisdiction.  Accordingly, the Court will treat the Defendant's motion as a facial attack and consider only the complaint and the exhibits the Plaintiffs attached to it.  *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007) (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981)); *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205 (11th Cir. 2007).  Thus, the following allegations from the Plaintiffs' pleadings are taken as true.

The Plaintiffs allege that the Defendant is "an entity created and governed under Federal Statutes of the 'Farm Credit Act of 1971 as amended' of the Federal Farm Credit Administration whose principal place of business is in Houston County, Georgia." (Docs. 1 at ¶ 1; 5 at 1).  At some unspecified time, the Plaintiffs and the Defendant entered into a contract "Guaranteeing certain Borrowers Rights to Plaintiffs at

Origination of Loans." (Docs. 5 at 1; 5-1).  The Plaintiffs claim that the Defendant failed

to honor the "right of first refusal" in this contract, which provides:

> If the borrower was the owner of agricultural real property prior to the
> creditor's acquisition, the borrower shall have a right of first refusal to
> purchase the property or lease it for a price or rental rate equal to its
> appraised fair market value or appraised fair rental value, as appropriate,
> when creditor first decides to sell or lease the property by contract.  If the
> property is first to be offered at public auction, the previous owner shall
> have the right to timely notice of the sale, plus special conditions of the
> sale and the right to bid and/or match the high bid at such sale.

(Docs. 5 at 1; 5-1 at 3).

In a letter dated November 2, 2011, the Defendant offered to sell the Plaintiffs

2.436 acres at an appraised value of $85,000, acknowledging that the "Agricultural

Credit Act of 1971, as amended, provides the previous owner the Right of First Refusal

to repurchase real estate acquired by a Farm Credit Institution." (Docs. 5 at 2; 5-2).

The Defendant informed the Plaintiffs they were required to submit an offer by

December 5, 2011.  (Doc. 5-2).  The Plaintiffs verbally accepted this offer around 3:30

p.m. on November 30, 2011, and were assured by Defendant's Senior Vice President

Richard Henderson that management would be informed.  (Docs. 1 at ¶ 11; 5 at 2; 5-2).

The Plaintiffs faxed a real estate contract to Henderson on December 5, 2011.  (Docs. 1

at ¶ 11; 5-5).

In a letter dated November 30, 2011, the Defendant withdrew its offer and said its

November 2 letter "was sent in error." (Docs. 5 at 2; 5-3 at 1).  The Defendant

explained that the prior legal description of the real estate "only included a portion of the

property and a portion of the building … and it does not make sense to sell a portion of

a building." (Doc. 5-3 at 1).  Thus, the Defendant made the Plaintiffs a new offer: 4.05

acres at an appraised value of $800,000.  (Docs. 1 at ¶ 12; 5-3).  The Plaintiffs allege

that this new value was not certified by a real estate appraiser.  (Doc. 5 at 2).  They also say they had secured an investor to fund their purchase for $85,000, but the sudden, dramatic increase in cost prevented them from purchasing the real estate.  (Doc. 1 at ¶ 13).  Several months later, the Defendant successfully moved a state court to confirm that the price it paid for the real estate at a foreclosure sale—$85,000—was its true market value.[1]  (Docs. 5 at 2; 5-4).

Apart from arguing that the Defendant breached the right of first refusal in their contract, the Plaintiffs argue that the Defendant breached the contract to sell the real estate back to them and violated 12 U.S.C. §§ 2219a and 2202a by, among other things, failing to provide certain types of notice and "continuing foreclosure proceedings."  (Doc. 1 at ¶¶ 4-6, 17-19).  The Plaintiffs also claim the Defendant's "Fraudulent Refusal" to perform the contract "has created Promissory Liability and Detrimental Reliance" and caused the Plaintiffs substantial loss.  (Doc. 1 at ¶¶ 20-23).  The Plaintiffs' request for relief includes specific performance of the purported contract to sell the real estate.[2]

After noting that the Farm Credit Act does not provide a private right of action, the Court ordered the Plaintiffs to amend their complaint to state what they contend is the basis for the Court's subject matter jurisdiction.  (Doc. 4).  In their amended complaint, the Plaintiffs say this Court has diversity jurisdiction.  (Doc. 5 at 1).  An action based on diversity jurisdiction, however, requires complete diversity between the

---

[1] It is not clear whether the real estate sold at this foreclosure sale, which was conducted on November 1, 2011, consisted of the 2.436 acres or the 4.05 acres described in the Defendant's letters. (Doc. 5-4).  At this stage, the Court assumes it was the 4.05 acres.

[2] The Plaintiffs' allegations appear to state a compelling claim for breach of contract.  From the documents filed by the Defendant, it appears the Plaintiffs filed a breach of contract action in state court, and the court ruled against them.  (Docs. 3-1; 3-3).  Accordingly, the Defendant argues the Plaintiffs' claims are barred by prior litigation.  The Court does not rely on these exhibits or reach this argument.

parties.  28 U.S.C. § 1332(a).  The Plaintiffs allege they are citizens of Georgia.  (Doc. 5 at 1).  They also allege the Defendant is a citizen of Georgia.  (Docs. 1 at ¶ 1; 3 at ¶ 1; 5 at 1).  Because the parties lack diversity of citizenship, this case may not proceed based on diversity jurisdiction.

The Plaintiffs also argue the Court has subject matter jurisdiction because the Defendant is a "Federal Institution."  (Doc. 12-1).  The Plaintiffs say their "Basis for Federal Jurisdiction in this Case is the Defendant is a Federal Institution of a Federal Agency operating in the State of Georgia as a[n] Institution of the Farm Credit Administration using Federal Funds as Loan Proceeds for Private Citizens Loans." (Doc. 12-1 at 4); *see also id.* at 3 ("Intentional Violation of Contract Agreements by a Federal Institution using Federal Funds, doing Business in the State of Georgia as Citizen of Georgia is Cause for Claim and Subject Matter Jurisdiction."); *id.* at 4 (arguing that the right of first refusal in their contract "creates a Federal Link of the Citizen to the Federal Institution of the F.C.A Act and Enforcement for the Independent Loan Documents (Contract)" and is a "Private Right given to Borrowers by a Federal System member Institution of a Federal Agency giving Subject Matter Jurisdiction in this Court").

The Defendant responds that the Plaintiffs have failed to distinguish *Smith v. Russellville Production Credit Association*, 777 F.2d 1544 (11th Cir. 1985), in which the Eleventh Circuit held that the Farm Credit Act does not provide a private right of action. (Doc. 13 at 2-3).  Liberally construing the Plaintiffs' briefs, as the Court must, it is clear the Plaintiffs are not basing subject matter jurisdiction on the theory that there is a private right of action under the Act.[3]  Rather, they seem to allege that the Defendant

---

[3] Because it is well established that there is no private right of action under the Act, any such claim would likely be "so patently without merit as to justify … the court's dismissal for want of jurisdiction."  *McGinnis*

violated their constitutional rights.  They argue the Defendant violated a contractual right of first refusal, which "*parallels* the Rights given to Borrowers in Federal 12 U.S.C. [§] 2219a." (Doc. 12-1 at 4) (emphasis added).  More specifically, they argue that "*Russellville* … does NOT provide Escapes of Violation of Law given to the Citizens of the United States of America in the Fifth (5) and Fourteenth (14) Amendments in the United States of America Constitution for the protection of U.S. Citizens." (Doc. 12-1 at 4).  This arguably presents a federal question.  *See Abele v. Tolbert*, 130 F. App'x 342 (11th Cir. 2005); *McGinnis*, 918 F.2d at 1494.

"The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law.'" *Dusenbery v. United States*, 534 U.S. 161, 167 (2002).  The only allegations the Plaintiffs make regarding government involvement is that the Defendant is a "Federal Institution" and "an entity created and governed under" the Farm Credit Act.  But the fact that the Defendant is federally chartered does not establish that it is a government actor for purposes of the Plaintiffs' constitutional claim.  *See, e.g.*, *LPR Land Holdings v. Fed. Land Bank of St. Paul*, 651 F.Supp. 287 (E.D. Mich. 1987); *Cotton v. Fed. Land Bank of Columbia in Columbia, S.C.*, 647 F. Supp. 37, 38 n.1 (M.D. Ga. 1986) (citing 28 U.S.C. § 1349).  Thus, the Plaintiffs fail to allege sufficient facts to support their claim that the Defendant is a government actor, either state or federal.  *See, e.g.*, *Pub. Utils. Comm'n of D.C. v. Pollak*, 343 U.S. 451, 461-62 (1952).  Accordingly, they have failed to state a claim for relief, and allowing them to amend their complaint once more would likely be futile.  *See*

---

*v. Ingram Equip. Co.*, 918 F.2d 1491, 1494 (11th Cir. 1990) (citation omitted).  At a minimum, the claim would be subject to dismissal under Rule 12(b)(6).

*Reimers v. Farm Credit Servs. AgCountry, ACA*, 2001 WL 1820379, at \*2 n.2 (D.N.D.);

*Franklin v. Fed. Land Bank of St. Louis*, 96 B.R. 929 (W.D. Mo. 1989); *Redd v. Fed.*

*Land Bank of St. Louis*, 661 F. Supp. 861, 864 (E.D. Mo. 1987); *Birbeck v. S. New Eng.*

*Prod. Credit Ass'n*, 606 F. Supp. 1030, 1034-35 (D. Conn. 1985).

The Defendant's motion to dismiss (Doc. 6) is **GRANTED**.[4]  The complaint is

**DISMISSED without prejudice**.

SO ORDERED, this 28th day of April, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[4] The Court declines to exercise supplemental jurisdiction over any state-law claims the Plaintiffs might be asserting and dismisses them without prejudice.  *See* 28 U.S.C. § 1367(c)(3); *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518 (11th Cir. 2015).